IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| v. | : | NO. 08-262 |
| OMAR REINA | : | |

**MEMORANDUM OPINION**

Savage, J.                                                                                                  August 10, 2016

      The defendant moves for a reduction of his sentence under 18 U.S.C. § 3582(c)(2). He invokes Amendment 782 to the U.S. Sentencing Guidelines, which reduced the offense level of certain drug offenses by two levels.

      Because he was sentenced based on his career offender status and not on a sentencing range affected by Amendment 782, the defendant is not eligible for a reduction. Therefore, his motion will be denied.

      After the defendant pleaded guilty to four counts of distribution of heroin, he was sentenced to a term of 151 months.  As calculated by the Probation Office, pursuant to U.S.S.G. § 2D1.1(c),  the base offense level was 26.  After considering his two prior drug convictions, his offense level was raised under § 4B1.1, resulting in an offense level of 32. After crediting him with acceptance of responsibility, his total offense level was 29. Together, his criminal history category of VI and the total offense level of 29 resulted in a guideline range of 151 to 188 months.

      Section 3582(c)(2) permits the district court to reduce a sentence of imprisonment where:  (1) the sentence was "based on a sentencing range that has subsequently been lowered by the Sentencing Commission"; and (2) the reduction is "consistent with applicable policy statements issued by the Sentencing Commission."   18 U.S.C. § 3582(c)(2).

Amendment 782 reduced the base offense levels assigned to specific drug quantities on the § 2D1.1 Drug Quantity Table by two levels. U.S.S.G. App. C. Amend. 782 (Nov. 1, 2014). The reduction resulted in a lower total offense level, effectively reducing the guideline sentencing range. At the same time, the Sentencing Commission made the amendment retroactive.

In determining whether Amendment 782, like any other retroactive guideline amendment applies, the district court engages in a two-step analysis. First, the district court calculates what the amended guideline range would have been had the relevant amendment been in effect at the time of the initial sentencing. Second, it considers the relevant § 3553(a) factors to determine, in its discretion, whether the reduction under the first step is warranted. *Dillon v. United States*, 560 U.S. 817, 827 (2010).

Before engaging in the analysis, the district court must determine whether the reduction is "consistent with the applicable policy statements issued by the Sentencing Commission." *Id.* at 827. The Guidelines Manual permits only a reduction based on amendments listed in subsection (c). U.S.S.G. § 1B1.10(b)(1). All other guideline applications must be left undisturbed.

The applicable policy statement, § 1B1.10(a)(2)(B), does not authorize a sentence reduction if the amendment "does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B). To be eligible for a sentence reduction, the amended base offense level must lower the defendant's sentencing range.

A reduction is not authorized under § 3582(c)(2) if "the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision (e.g., a statutory mandatory minimum term of imprisonment." U.S.S.G. § 1B1.10, n.1 (A).

The defendant's guideline range was determined by his career offender status. The reduction of his base offense level would not affect his guideline range. Section 4B1.1(b) mandates that if the offense level for a career offender, as defined in § 4B1.1(a), is greater than the offense level otherwise applicable, the career offender offense level applies. The career offender guideline bases the sentence on the "offense statutory maximum." U.S.S.G. § 4B1.1 Comment (n2).

Amendment 782 applies only to the guideline range that was calculated on the basis of the drug quantity under § 2D1.1. The career offender guideline, § 4B1.1, was not affected by Amendment 782. Pursuant to § 1B1.10(b)(2), the district court may only lower a guideline range as a result of the amendments listed in subsection (d). The career offender guideline is not listed in subsection (d). Thus, because the "applicable guideline range" is not affected by Amendment 782 and has not been lowered, it may not be amended to lower the guideline range. *United States v. Mateo*, 560 F.3d 152, 154-55 (3d Cir. 2009).

In conclusion, the defendant's guideline range was fixed by the career offender guideline, § 4B1.1, and not by the drug quantity table, § 2D1.1. Therefore, he is ineligible for a reduction under Amendment 782. *Mateo, supra* at 154.